# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **PAMELA TURNER,** } } | |
| **Plaintiff,** } } | |
| v. } } | **Case No.: 4:20-cv-01123-ACA** |
| **COMMISSIONER,** } **SOCIAL SECURITY** } **ADMINISTRATION,** } } | |
| **Defendant.** } | |

## **MEMORANDUM OPINION**

Plaintiff Pamela Turner appeals the Social Security Commissioner's denial of her claim for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

### I.   PROCEDURAL HISTORY

Ms. Turner applied for a period of disability and disability insurance benefits on May 19, 2016, alleging that her disability began on December 12, 2012. (R. at 203–07). Ms. Turner later amended her alleged disability onset date to May 21, 2014. (*Id.* at 46–47). The Administrative Law Judge ("ALJ") issued a partially favorable decision on August 29, 2019. (*Id.* at 22–39). The ALJ found that Ms.

Turner was disabled from February 1, 2016 through February 7, 2019. (R. at 35). But the ALJ concluded that Ms. Turner's disability ended on February 8, 2019, and that Ms. Turner has not been disabled since that date. (*Id.* at 39). The Appeals Council declined Ms. Turner's request for review. (*Id.* at 1). The Appeals Council's denial of review makes the Commissioner's decision ripe for the court's judicial review. *See* 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Where, as here, an ALJ determines whether a claimant continues to be disabled beyond a particular date, an ALJ follows an eight-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is engaging in substantial gainful activity; (2) if not, whether the claimant has an impairment or combination of impairments that meet or equal a listed

3

>impairment; (3) if not, whether there has been medical improvement; (4) if so, whether the improvement is related to the claimant's ability to work; (5) if there is no medical improvement or if medical improvement is not related to the claimant's ability to work, whether an exception to medical improvement applies; (6) if there is medical improvement related to the claimant's ability to work or if an exception applies, whether the claimant has a severe impairment; (7) if so, whether the claimant can perform his past relevant work; and (8) if not, whether the claimant can perform other work.

*Klaes v. Comm'r Soc. Sec.*, 499 F. App'x 895, 896 (11th Cir. 2012) (citing 20 C.F.R. § 404.1594(f)(1)-(8)).

In this case, the ALJ found that Ms. Turner had not engaged in any substantial gainful activity since February 1, 2016. (R. at 29). For the period of time between February 1, 2016 through February 7, 2019, the ALJ found that Ms. Turner had the following severe impairments: cervical degenerative disc disease, lumbar degenerative disc disease, left knee degenerative joint disease, seizure disorder, cerebral atherosclerosis, myalgia, obesity, bipolar disorder, generalized anxiety disorder, learning disability, cognitive dysfunction, and transient alteration of awareness. (*Id.* at 29–30). However, the ALJ concluded that Ms. Turner did not have any impairment or combination of impairments that met or equaled the severity of a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. at 30).

Upon careful consideration of the entire record, the ALJ determined that Ms. Turner possessed the residual functional capacity to perform sedentary work, with a number of exertional and environmental limitations, including being off task for

more than 20% of the time during an 8-hour work day. (*Id.* at 31). Based on this residual functional capacity and the testimony of the vocational expert, the ALJ found that Ms. Turner was unable to perform her past relevant work and that no other jobs existed in significant numbers in the national economy that Ms. Turner could perform. (*Id.* at 33). Accordingly, the ALJ determined that Ms. Turner was disabled, as defined by the Social Security Act, from February 1, 2016 through February 7, 2019. (R. at 34).

  The ALJ then evaluated whether Ms. Turner continued to be disabled after February 7, 2019. As of February 8, 2019, the ALJ determined that Ms. Turner had the same severe impairments as those present from February 1, 2016 through February 7, 2019. (*Id.*). The ALJ found that beginning February 8, 2019, Ms. Turner had not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.*). The ALJ explained that no treating or examining source indicated findings that would satisfy the requirements of any listed impairment. (R. at 34). And specifically, as it relates to Ms. Turner's alleged mental impairments, the ALJ noted that during an examination on February 8, 2019, there were no problems with her thinking; there were no problems with her mood; she was alert and oriented; she reported no thoughts of hurting herself or others; she reported no alcohol or drug use; and she had no new complaints. (*Id.* at 34–35; *see also id.* at 625–27). Based

5

on this evidence, the ALJ found that Ms. Turner's mental impairments did not satisfy the requirements for a listed impairment because she has only a mild limitation in interacting with others; moderate limitations in understanding, remembering, and carrying out instructions and in concentrating, persisting, and maintaining pace; and no limitation for adapting or managing herself. (R. at 34–35).

The ALJ then found that Ms. Turner experienced medical improvement as of February 8, 2019 because as of that date, she reported no new complaints, and her seizures were well controlled. (*Id.* at 35).

Next, the ALJ found that Ms. Turner's medical improvement was related to her ability to work because Ms. Turner's residual functional capacity had increased. (R. at 35). The ALJ then determined that as of February 8, 2019, Ms. Turner had the residual functional capacity to perform sedentary work, with some additional postural and environmental limitations. (*Id.* at 36). Based on this increased residual functional capacity and the testimony of a vocational expert, the ALJ found that Ms. Turner was unable to perform her past relevant work. (*Id.* at 38). However, the ALJ found that as of February 8, 2019, Ms. Turner can perform jobs that exist in a significant number in the national economy, including bench hand, addressing clerk, and surveillance system monitor. (R. at 38–39). Accordingly, the ALJ determined that Ms. Turner's disability ended as of February 8, 2019, and that Ms. Turner had not become disabled again since that date. (*Id.* at 39).

## IV.   DISCUSSION

Ms. Turner argues that the court should reverse and remand the Commissioner's decision for four reasons: (1) her testimony refutes the ALJ's finding that she was not disabled after February 7, 2019; (2) the ALJ's finding that Ms. Turner was not disabled after February 7, 2019 was not based on substantial evidence; (3) the Appeals Council failed to order a consultative examination; and (4) the Appeals Council failed to request any additional information regarding Ms. Turner's alleged continuing disability.  (Doc. 16 at 21–24).

### 1.   Subjective Testimony

Ms. Turner contends that the ALJ's finding that she was not disabled after February 7, 2019, was inaccurate given her own testimony regarding her condition. (Doc. 16 at 21).  The court disagrees.

Under Eleventh Circuit precedent, a claimant attempting to establish disability through testimony of pain or other subjective symptoms must show evidence of an underlying medical condition and either (1) "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dryer v. Barnhart*, 395 F.3d 1206, 2010 (11th Cir. 2005) (quotation marks omitted).  If an ALJ does not "credit a claimant's testimony concerning pain," the ALJ's "credibility determination –

7

whether explicit or implicit – must be obvious from the record." *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995). A credibility finding that is clearly articulated and supported by substantial evidence will not be disturbed. *Id.* at 1562.

Ms. Turner testified that she suffers from bipolar disorder, leg pain, anger problems, arthritis in her legs, arm pain, and frequent falls. (R. at 58–74). She also testified that she has had manipedi seizures every day since 2012 and that because of these seizures she does not drive and she has been fired from work because she could not get there on time. (*Id.* at 48, 54–56, 74). When determining whether Ms. Turner was disabled as of February 8, 2019, the ALJ acknowledged that Ms. Turner's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," but the ALJ found that Ms. Turner's testimony regarding the intensity, persistence, and limiting effects of her symptoms was "only partially consistent with the medical evidence of record." (*Id.* at 37). Ms. Turner does not challenge the ALJ's conclusion that her testimony was only partially consistent with the medical evidence. Rather she argues only that her testimony contradicts the ALJ's determination that she was not disabled as of February 8, 2019. This is little more than an invitation for the court to reweigh the evidence, which it cannot do, *see Crawford*, 363 F.3d at 1158–59.

Accordingly, Ms. Turner's first argument fails.

2. <u>Substantial Evidence</u>

Ms. Turner's second argument is that the ALJ's finding that she was not disabled after February 7, 2019, is not supported by substantial evidence because it was based on medical records from one doctor's visit and because the medical evidence from prior to February 8, 2019 supports continuing disability. (Doc. 16 at 21–23).

To the extent Ms. Turner contends that evidence that pre-dates February 8, 2019 refutes the ALJ's finding that she was not disabled after February 7, 2019, Ms. Turner improperly asks the court to "reweigh the evidence, or substitute [its] judgment for that" of the ALJ. The ALJ explicitly reviewed that evidence (*see* R. at 32) as well as treatment notes from a February 8, 2019 follow up visit with Ms. Turner's treating neurologist, Dr. Sharman Sanders (*see Id.* at 36). The ALJ explained that during the February 8, 2019 visit, Ms. Turner reported no new complaints and was doing well. (*Id.* at 36, citing R. 625). In addition, the ALJ noted that Dr. Sanders found Ms. Turner's seizures were "well controlled" because Ms. Turner had not had any seizures in the past six months. (R. at 36, citing R. 625, 627).

Ms. Turner bears the burden of proving her disability by producing evidence to support her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see also* 20 C.F.R. § 404.1512(a). Ms. Turner produced no medical evidence regarding

9

her condition following the February 8, 2019 doctor's visit. Therefore, the ALJ was left to rely on what he characterized as "scant" medical record. (R. at 36). That record indicates that prior to her appointment on February 8, 2019, Ms. Turner had only been to the doctor twice since July 2017. (*Id.* at 619–27).

The ALJ also considered Ms. Turner's testimony along with treatment notes from her follow-up visit with Dr. Sanders on February 8, 2019. (*Id.* at 36). Those notes show normal examination findings and reflect Ms. Turner's subjective report that her "falls ha[d] . . . gotten better" since her last visit in July 2018. (R. at 625–26). In addition, Dr. Sanders noted that Ms. Turner was "doing well" and her seizures were well controlled. (*Id.* at 625, 627). These treatment notes constitute "more than a scintilla" of evidence, *Crawford*, 363 F.3d at 1158 (quotations omitted), and adequately support the ALJ's decision that Ms. Turner was not disabled as of February 8, 2019. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (defining substantial evidence as "relevant evidence as a reasonable person would accept as adequate to support a conclusion").

### 3. Remaining Issues

Ms. Turner identifies two additional issues: (1) that the Appeals Council had a duty to obtain a consultative examination; and (2) that the Appeals Council had a duty to request referenced medical records. (Doc. 16 at 21, 24). The court finds that Ms. Turner has abandoned these arguments.

"[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted).

Ms. Turner's brief merely states, in a conclusory fashion, that the Appeals Council had a duty to order a consultative examination and to request additional medical records. (Doc. 16 at 24). The brief does not cite any legal authority in support of those statements or explain why the Appeals Council's failure to act as Ms. Turner wishes constitutes reversible error. (*Id.* at 21–24). This sort of perfunctory identification of issues gives neither the Commissioner nor the court any guidance about Ms. Turner's argument aside from the fact that she asserts the existence of an error. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Ms. Turner's reply brief is inadequate to repair the deficiencies of her initial brief. (*See* Doc. 18 at 26).

Because Ms. Turner's briefs do not present adequate argument on these two issues, the court will not address them.

## V. CONCLUSION

For the reasons explained above, the court concludes that substantial evidence supports the ALJ's denial of Ms. Turner's application for a period of disability and insurance benefits after February 7, 2019. Therefore, the court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this September 28, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE